# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cr-60288-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY ROBERT MACROY,

    Defendant.

_____/

## ORDER ON MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018

**THIS CAUSE** is before the Court upon correspondence from Defendant which the Court construes as a motion to reduce sentence under the First Step Act, ECF No. [95] ("Motion"). The Court has reviewed the Motion, the Government's Response, the record and applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

A federal grand jury indicted Defendant with two counts of conspiracy to possess with intent to distribute a mixture and substance containing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1), and attempt to possess with intent to distribute a mixture and substance containing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 3). ECF No. [11]. Defendant pled guilty to Count 1 of the indictment on January 30, 2018. *See* ECF No. [31]. At his sentencing on July 17, 2018, the Court sentenced Defendant to a term of 80 months. ECF Nos. [88], [89], [93].

In the Motion, Defendant states that he believes he may be eligible for relief under the First Step Act of 2018 because he is a non-violent first time drug offender. "The authority of a district

court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2010); *see also United States v. Maiello*, 805 F.3d 992, 999-1000 (11th Cir. 2015) (stating that a court may modify a final sentence only when one of the limited exceptions in § 3582(c) applies). One such narrow exception to the general prohibition against modifying a previously-imposed sentence is found at 18 U.S.C. § 3582(c)(1)(B), which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[1]

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity in treatment of cocaine base and powder cocaine offenses. *See Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging disparity). Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) and (B), increasing the quantity of crack cocaine that triggered mandatory minimum penalties. But the Fair Sentencing Act was not made retroactively applicable until passage of the First Step Act on December 21, 2018. The only portion of the First Step Act that expressly permits a Court to reduce a previously imposed sentence is Section 404, which allows (but does not require) courts to retroactively apply certain portions of the Fair Sentencing Act regarding the statutory penalties for offenses involving cocaine base. Section 404(b) of the First Step Act expressly permits the Court to impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed. Pub. L. No. 115-391, 132 Stat. 5194. A "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." *Id*.

---

[1] To the extent that Defendant requests appointment of counsel to seek a reduction in his sentence, the request must be denied. *See United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) (finding no constitutional or statutory right to counsel for purposes of § 3582(c)(2)).

As such, the changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a sentence rendered prior to the effective date of the Fair Sentencing Act. The authority to reduce a sentence under the First Step Act applies only to (1) federal crack cocaine offenses, (2) committed prior to August 3, 2010, (3) for which the Fair Sentencing Act modified the statutory penalty range.

Here, Defendant is not eligible for relief under the First Step Act because the offense for which he was convicted does not involve crack cocaine, as Defendant was convicted of conspiracy to possess with intent to distribute methamphetamine. As such, the First Step Act affords Defendant no relief here.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [95]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 17, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Jeremy Robert Macroy
16777-104
Coleman Medium
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1032
Coleman, FL 33521